Argued and submitted June 18,
reversed September 2, reconsideration denied October 7,
petition for review denied December 9, 1980 (290 Or 211)

BEAM et ux,
*Respondents,*

*v.*

CULLETT,
*Appellant.*

(No. 77-1732, CA 15733)

615 P2d 1196

Dean Heiling, Roseburg, argued the cause for appellant. With him on the brief was Heiling & McIntosh, Roseburg.

James C. Farrell, Roseburg, argued the cause and filed the brief for respondents.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

Plaintiff brought this action for fraud and breach of an implied warranty of fitness for a particular purpose. Plaintiff was in the business of hauling scrap automobile bodies from southern Oregon to a steel plant in McMinnville. He bought a 1969 Ford diesel truck from defendant to haul the scrap auto bodies. The truck had been used by defendant for approximately two and one-half years until the engine "blew up." Defendant had the engine rebuilt by a diesel engine mechanic. Plaintiff purchased the truck with the rebuilt engine for $10,000; there were no written warranties. After the truck was used for a brief period of time, the engine lost a rod bearing and the intake manifold was broken. This action followed.

The trial court, sitting without a jury, found in favor of defendant on the fraud claim; a judgment was entered against defendant for breach of an implied warranty of fitness for a particular purpose. Plaintiff was awarded damages of $7,000. Defendant appeals. He claims (1) that the court erred in entering judgment for plaintiff because an implied warranty of fitness for a particular purpose could not arise under the facts of this case and (2) that the court erred in assessing damages at $7,000.[1]

ORS 72.3150 provides for an implied warranty of fitness:

> "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under ORS 72.3160 an implied warranty that the goods shall be fit for such purpose."

An implied warranty of fitness for a particular purpose arises then when two conditions are met: 1) the buyer relies on the seller's skill and judgment to select

---

[1] The first assignment of error was preserved by defendant's motion for non-suit and motion for reconsideration. We need not reach the second assignment of error in light of our determination of the warranty issue.

or furnish suitable goods; and 2) the seller at the time of contracting has reason to know of the buyer's purpose and that the buyer is relying on his skill and judgment. *Controltek, Inc. v. Kwikee Enterprises, Inc.,* 284 Or 123, 585 P2d 670 (1978); *Valley Iron and Steel v. Thorin,* 278 Or 103, 562 P2d 1212 (1977).

■ The trial court found that defendant was advised that plaintiff intended to use the truck to haul scrap auto bodies. There was evidence to support that finding. No finding was made as to whether plaintiff-buyer relied on the defendant-seller's skill and judgment to select the truck or that defendant had reason to know of any reliance. The evidence was that plaintiff, who runs a junk yard, learned of defendant's truck being for sale from one of his employees. Plaintiff had had some experience with trucks, including driving, although usually not diesel trucks. He inspected the truck and drove it for a short distance. He was told by defendant that the engine had been rebuilt and was given the name of the mechanic who did the work. Defendant leases trucks, but does not drive them. He operates a well-drilling business and owns drilling rigs. He does not have any particular expertise concerning diesel trucks.

There was no evidence that plaintiff relied on defendant's judgment in selecting the truck he purchased. Defendant merely answered plaintiff's inquiries concerning the mechanic's work on the engine. While the needs of plaintiff were known to defendant, there was no showing that defendant offered to fulfill those needs, that plaintiff in fact relied on defendant's judgment or that defendant had reason to know of plaintiff's reliance, if any.

■■ The existence of a warranty of fitness for a particular purpose depends in part on the comparative knowledge and skills of the parties. *Blockhead, Inc. v. Plastic Forming Company, Inc.,* 402 F Supp 1017, 1024 (D Conn 1975); *Valley Iron and Steel v. Thorin, supra.* There can be no justifiable reliance by a buyer who has

equal or superior knowledge and skill with respect to the product purchased by him. White and Summers, Uniform Commercial Code 298, § 9-9 (1972); *Valley Iron and Steel v. Thorin, supra.*

In the instant case, both parties had limited knowledge of diesel trucks. Absent evidence that plaintiff justifiably relied on defendant's judgment in selecting the truck to fulfill his hauling needs, there was no implied warranty of fitness for a particular purpose.

Reversed.